IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES HOLMES | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 11-504 |
| PHILLIPS MR., DEPUTY WARDEN OF TREATMENT, et al. | : | |

# MEMORANDUM AND ORDER

Plaintiff James Holmes, an inmate at the Chester County Prison, seeks to bring a civil action under 42 U.S.C. § 1983 in forma pauperis,[1] without prepayment of fees or security therefor. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the Act), which amended 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who attempt to bring a civil action in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must eventually pay the full amount of the $350 filing fee. § 1915(b)(1). To assist the Court's determination of whether a prisoner may pay the filing fee over time, and how the $350 fee will be paid, a prisoner must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, after obtaining such statement from the appropriate official of each prison at which he is or was confined. § 1915(a)(2). A court must then

> assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint.

§ 1915(b)(1). Based upon Holmes's financial information, an initial partial filing fee of $15 is assessed. The Warden or other appropriate official at the Chester County Prison, or at any prison at which Holmes may be confined, will be directed to deduct $15 from Holmes's inmate account

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

when such funds become available, and forward it to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time the balance in Holmes's account exceeds $10, an amount no greater than 20 percent of the money credited to Holmes's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Holmes may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to return of his filing fee. Because Holmes should consider whether he still wishes to proceed with this action, he shall have until February 28, 2011, to inform this Court whether he wishes to so proceed. If Holmes decides not to proceed with this case, he need not pay the $350 filing fee.

Accordingly, this 8th day of February, 2011, it is ORDERED:

1. Holmes's petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

2. If Holmes files notice stating he wishes to proceed with this action by February 28, 2011, and thereby obligate himself to pay the $350 filing fee, then this action will be reinstated; and

3. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.